UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**JORGE MENDOZA;**
**CARLA GOMES;**
**CHRISTIAN SILVESTRI;**
**PATRICK MENDOZA**

    **Plaintiffs,**

v.

**MICHELLE WU, in her Capacity as Mayor of the City of Boston**

    **Defendant.**

**Civil Action No.:**

## COMPLAINT

### I. PARTIES

1. Jorge Mendoza (hereinafter, "J. Mendoza") is a resident of Massachusetts and owner of a restaurant in Boston, Massachusetts.

2. Carla Gomes (hereinafter, "Gomes") is a resident of Massachusetts and owner of restaurants in Boston, Massachusetts.

3. Christian Silvestri (hereinafter, "Silvestri") is a resident of Massachusetts and owner of a restaurant in Boston, Massachusetts.

4. Patrick Mendoza (hereinafter, "P. Mendoza") is a resident of Massachusetts and owner of a restaurant in Boston, Massachusetts.

5. Michelle Wu (hereinafter, "Mayor Wu") is the elected Mayor of the city of Boston, Massachusetts.

## II. JURISDICTION

6.  The Court has jurisdiction in this matter pursuant to 42 USC § 1983 and 28 USC §§ 2201, 2202.

## III. FACTS

7.  Prior to May 1, 2022, Mayor Wu, by and through her agents in Boston City Government, issued an Order (hereinafter, the "Order") that any restaurant in the "North End" of Boston which wanted to have outdoor dining for the summer of 2022 was required to apply for a license to do so. Said license would require a special Seven Thousand and Five Hundred Dollar ("$7,500.00") fee, and every "parking space" the said restaurant took up in order to place tables on would cost an additional Four Hundred and Eighty Dollar ("$480.00") per month.

8.  The Order did not apply to any other area of Boston, and any other area of Boston other than the North End did not have to pay the $7,500.00 fee. Upon information, which is believed to be true, no restaurants in Boston, except in the North End, must pay for use of parking spaces in the outdoor dining program.

9.  J. Mendoza owns *Vinoteca di Monica*, a restaurant located at 143 Richmond Street in the North End of Boston, Massachusetts.

10. Although Mendoza believes the special license fee is unconstitutional, in order to compete with other restaurants in the city of Boston, under protest he enrolled in the "payment plan" to pay the special $7,500.00 fee so he could have outdoor dining at his restaurants. He also uses three (3) parking spaces for his outdoor dining.

11. Gomes owns *Terramia Ristorante* and *Antico Forno* restaurants located at 98 Salem Street and 93 Salem Street, respectively, in the North End of Boston, Massachusetts.

2

12. Although Gomes believes the special license fee is unconstitutional, in order to compete with other restaurants in the city of Boston, under protest she paid the special $7,500.00 fee so she could have outdoor dining at her restaurants. She also uses two (2) parking spaces for her outdoor dining.

13. Although parking spaces in the program are designated for twenty (20) feet each, Gomes was only allowed thirty-two (32) feet total for her two (2) allotted parking spaces.

14. Silvestri owns *Rabia's Dolce Fumo,* located at 73 Salem Street, in the North End of Boston, Massachusetts.

15. Although Silvestri believes the special license fee is unconstitutional, in order to compete with other restaurants in the city of Boston, under protest he enrolled in the "payment plan" to pay the special $7,500.00 fee so he could have outdoor dining at his restaurants. He also uses two (2) parking spaces for his outdoor dining.

16. P. Mendoza owns *Monica's Trattoria,* located at 67 Prince Street, in the North End of Boston, Massachusetts.

17. Although P. Mendoza believes the special license fee is unconstitutional in order to compete with other restaurants in the city of Boston, under protest he enrolled in the "payment plan" to pay the special $7,500.00 fee so he could have outdoor dining at his restaurants. He also uses one (1) parking space for his outdoor dining.

18. Prior to the Order being handed down, Boston City officials, acting as agents for the Defendant, formed a committee of restaurant owners to discuss with said officials how outdoor dining would proceed in 2022. Neither of the Plaintiffs were part of the committee. The Boston City officials never mentioned anything about fees during the committee meetings.

19. The announcement of the fees mentioned in Paragraph 7 above were first stated in a Zoom meeting with the affected North End restaurants. Upon information, which is believed to be true, no written document was ever served upon the North End restaurant owners outlining the fees.

20. Upon learning of the fees mentioned in Paragraph 5 above, Plaintiffs, among other North End restaurant owners, went to a meeting with Boston City officials, said officials acting as agents for the Defendant, in City Hall to protest the fees.

21. The Boston City officials mentioned in Paragraph 14 barred the Plaintiffs from attending the meeting, although they allowed other restaurant owners to attend. Upon information, believed to be true, these latter restaurant owners were not opposed to the fees.

22. The Order has a later starting date for outdoor dining, and an earlier ending date for outdoor dining for all North End restaurants, than other Boston outdoor dining restaurants have, or approximately two (2) months less of outdoor dining than that of their competition in other parts of the City.

23. The undersigned attorney, acting for his clients, sent a demand letter to Mayor Wu on or about April 5, 2022, requesting that Mayor Wu rescind the Order. Said letter informed Mayor Wu that failure to do so would result in a civil action requesting a minimum of One Million and Five Hundred Thousand Dollars ("$1,500,000.00") in damages for each Plaintiff.

24. Upon information, believed to be true, the North End restaurants are a popular tourist attraction for people visiting Boston from around the United States and the world.

25. If Plaintiffs refused to pay the fees mentioned in Paragraph 7 above, they would not be allowed to have outdoor dining spaces. Without outdoor dining, Plaintiffs would not be able to

4

compete with other North End restaurants catering to the tourists mentioned in Paragraph 24 above.

## IV. CLAIMS

### COUNT 1

### (Violation of Plaintiffs' Due Process Rights)

26. Paragraphs 1-25 are referenced and incorporated into Count 1.

27. The actions of the Defendant denied the Plaintiffs their rights to Due Process of Law as guaranteed them by the Constitution of the United States.

### COUNT 2

### (Violation of Plaintiffs' Equal Protection and Treatment Rights)

28. Paragraphs 1-27 are referenced and incorporated into Count 2.

29. The actions of the Defendant denied the Plaintiffs their rights to Equal Protection and equal treatment as guaranteed them by the Constitution of the United States.

### COUNT 3

### (Violation of the Commerce Clause)

30. Paragraphs 1-29 are referenced and incorporated into Count 3.

31. The actions of the Defendant violated the Commerce Clause of the Constitution of the United States.

### COUNT 4

### (Violation of M.G.L c. 93A, § 2)

32. Paragraphs 1-31 are referenced and incorporated into Count 4.

33. The actions of the Defendant set up "unfair methods of competition" and/or are "unfair or deceptive practices" in "commerce" in violation of M.G.L. c. 93A.

## V. RELIEF

WHEREFORE, the Plaintiffs pray that this Honorable Court grant:

A.  A declaration that Plaintiffs' constitutional rights were violated and an order requiring proper and equitable relief;

B.  Compensatory damages in the amount of Five Hundred Thousand Dollars ("$500,000.00");

C.  Punitive damages in the amount of One Million Dollars ("$1,000,000.00");

D.  Reasonable attorneys' fees and costs of this action;

E.  Trial by jury;

F.  Such other and further relief that to the Court seems just, proper and equitable.

Respectfully submitted,
The Plaintiffs
By their attorney,

DATED: May 9, 2022

*/s/ Richard C. Chambers, Jr., Esq.*
Richard C. Chambers, Jr., Esq.
BBO#: 651251
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 363-1773
Fax: (781) 581-8449
Email: Richard@chamberslawoffice.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

DATED: May 9, 2022

*/s/ Richard C. Chambers, Jr., Esq.*
Richard C. Chambers, Jr., Esq.