UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO. 1:22-CV-10710**

JORGE MENDOZA;
CARLA GOMES;
CHRISTIAN SILVESTRI;
PATRICK MENDOZA,
    **Plaintiffs,**

v.

MICHELLE WU in her official capacity as
Mayor of the City of Boston,
    **Defendant.**

## MAYOR MICHELLE WU'S MOTION TO DISMISS

Defendant, Michelle Wu, in her capacity as the Mayor of the City of Boston, respectfully moves this Court to dismiss Plaintiffs' Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

Plaintiffs Jorge Mendoza, Carla Gomes, Christian Silvestri, and Patrick Mendoza each own restaurants in the City of Boston's North End. On May 1, 2022, the City of Boston ("City") instituted an order whereby restaurants in the North End were required to apply for a license and pay certain fees in order to extend their outdoor dining space into public sidewalks and streets.[1] Plaintiffs take issue with the order. They claim that the order violated their individual constitutional rights to due process and equal protection. They further claim that the order violated the Commerce Clause of the United States Constitution and Chapter 93A of the Massachusetts General Laws. But Plaintiffs lack standing to bring constitutional claims against the City of Boston because the alleged damages belong to their restaurants, not to them individually. And even if

---

[1] The license imposed a fee of $7,500, as well as an additional fee of $480 for every parking space usurped by the restaurant for its outdoor dining.

they had standing, Plaintiffs' constitutional claims still fail as a matter of law because the City's order is rationally related to its legitimate interest in defraying the costs associated with, among other things, the need for increased rodent control, street cleaning, and licensing enforcement in this unique and densely-situated area of the City, as well as lost parking for City residents. Plaintiffs' Chapter 93A claim likewise fails because the City did not engage in trade or commerce by enacting an order to defray these costs.

In support of this Motion, Mayor Wu respectfully refers the Court to her Memorandum of Law, filed herewith.

WHEREFORE, for the reasons set forth above and in her accompanying Memorandum of Law, Mayor Wu respectfully requests that Plaintiff's Complaint be dismissed with prejudice in its entirety.

Dated:  August 1, 2022                                  Respectfully submitted:

**MAYOR MICHELLE WU**

By her attorneys:

Adam N. Cederbaum
Corporation Counsel


*/s/ Nicole M. O'Connor*
Robert Arcangeli (BBO#689034)
Nicole M. O'Connor (BBO#675535)
Senior Assistants Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4044 (Arcangeli)
(617) 635-4039 (O'Connor)
Robert.arcangeli@boston.gov
Nicole.oconnor@boston.gov

## **7.1 CERTIFICATION**

I, Nicole M. O'Connor, hereby certify that I conferred with counsel for plaintiffs, Richard Chambers, via telephone conference on August 1, 2022 in an effort to resolve or narrow the issues raised herein. The parties were unable to resolve or narrow the issues.

Dated:  August 1, 2022                                         */s/ Nicole M. O'Connor*
                                                                              Nicole M. O'Connor

## **CERTIFICATE OF SERVICE**

I, Nicole M. O'Connor, hereby certify that I served a true copy of the above document upon all parties of record via this court's electronic filing system and upon any non-registered participants via first class mail on the date listed below.

Dated: August 1, 2022                                          */s/ Nicole M. O'Connor*
                                                                              Nicole M. O'Connor